IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| KAREN LYNCH | : CIVIL ACTION NO. |
| | : |
| v. | : COMPLAINT |
| | : JURY TRIAL DEMANDED |
| CITY OF PHILADELPHIA | : |
| DEPARTMENT OF HUMAN SERVICES | : |
| and | : |
| UNIVERSAL HEALTH SERVICES, INC. d/b/a | : |
| CHAD YOUTH ENHANCEMENT CENTER | : |

_____

## JURISDICTION

This action is brought pursuant to 42 U.S.C. Section 1983. Jurisdiction is based upon 28 U.S.C. Section 1331 and 1343(1), (3), (4) and the aforementioned statutory provision. Plaintiff further invokes the pendent and ancillary jurisdiction of this Court to hear and decide claims arising under state law.

## VENUE

Venue is proper under 28 U.S.C. Section 1391(b) because the cause of action upon which this Complaint is based arose in Philadelphia, Pennsylvania which is within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

## PARTIES

1. Plaintiff Karen Lynch is a citizen and resident of the City of Upper Darby, Delaware County and the Commonwealth of Pennsylvania.

2. Defendant City of Philadelphia is a municipality in the City of Philadelphia, Philadelphia County existing under the laws of the Commonwealth of Pennsylvania.

3. Universal Health Services, Inc. d/b/a CHAD Youth Enhancement Center ("Universal") is a corporation organized and existing under the laws of the

Commonwealth of Pennsylvania maintaining offices at 367 S. Gulph Rd., King of Prussia, PA 19406 and at all times material hereto operated the CHAD Youth Enhancement Center in Ashland City, Tennessee.

4. At all times relevant herein, employees of the Department of Human Services operated within the course and scope of their employment under the color of law and pursuant to the customs, policies and practices of the Defendant, City of Philadelphia.

5. In and around 2005, plaintiff was assigned by Defendant City of Philadelphia Department of Human Services to the CHAD center operated by Defendant Universal.

6. At the time Defendant Philadelphia placed the Plaintiff at CHAD, they knew or should have known that children at CHAD were routinely being physically abused by employees at said facility.

7. Upon being sent to CHAD, Plaintiff underwent severe physical abuse and harm, including without limitation being restrained against her will, being sat upon by large male counselors and being otherwise terrorized.

8. As a result of the conduct of the employees of defendant Universal, Plaintiff has suffered and continues to suffer great harm.

9. The removal of Plaintiff to CHAD was conducted with knowing disregard of the abuses suffered by other residents sent there.

10. Defendant City of Philadelphia knew of the dangerous propensities of the employees of defendant Universal when they committed the minor plaintiff to CHAD.

11. As a direct and proximate result of the aforementioned acts and omissions of the Defendants, Plaintiff suffers and continues to suffer from but not limited to the following:

   a. Severe degradation, humiliation, embarrassment, emotional stress and anxiety;

   b. Extreme fear, anxiety and paranoia;

   c. Having been and may continue to be prevented from attending to some or all of his usual daily activities to his great detriment and loss;

   d. Severe pain in the wrist;

   e. Pain, bruising and scarring;

   f. Soft tissue injuries to the head, neck and back areas; and

   g. Injuries to his nerves and nervous system.

12. As a direct and proximate result of the aforementioned actions of the Defendants, Plaintiff has been obliged to and may continue to expend various sums of money and to incur various expenditures for medical expenses for an indefinite period of time in the future, to his great detriment and loss.

13. As a direct and proximate result of the aforementioned actions of Defendants, Plaintiff has suffered a severe loss of earnings and impairment of his earning capacity or power, which will continue for an indefinite period of time in the future, to his great detriment and loss.

14. As a direct and proximate result of the aforementioned actions of the Defendants, Plaintiff has and will thereafter incur other financial expenses and losses.

15. As a direct and proximate result of the aforementioned actions of the Defendants, Plaintiff has suffered agonizing aches, severe physical trauma and pains, contusions, bruises,

numbness, disability, mental anguish, humiliation and emotional distress and he will continue to suffer the same for an indefinite time in the future, to his great detriment and loss.

## COUNT I
## 42 U.S.C. SECTION 1983 AND 1988

16. Paragraphs 1 through 15 are incorporated herein by reference as though fully set forth herein at length.

17. As aforementioned, Defendant City of Philadelphia Department of Human Services acted in the course and scope of their employment, under the color of state law, and pursuant to the customs, policies and practices of the Defendant City of Philadelphia intentionally, recklessly and maliciously subjecting Plaintiff to unreasonable physical harm without due process of law and depriving him of the equal protection of the law and depriving him of the privileges and immunities afforded to citizens of the United States, all of which actions violated the Plaintiff's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments of the constitution of the United States, laws of the United States and in violation of 42 U.S.C. Section 1983.

18. As aforementioned, Defendants acted in the course and scope of their employment, under the color of state law, and pursuant to the customs, policies and practices of the Defendant, City of Philadelphia when they intentionally and maliciously subjected the Plaintiff to severe peril and used their authority illegally and improperly to punish the Plaintiff all of which violated the Plaintiff's rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, the laws of the United States and in violation of 42 U.S.C. Section 1983.

19. The above described actions of Defendant, City of Philadelphia were so

malicious, intentional and/or grossly negligent, displayed such a reckless indifference to the Plaintiff's rights and well being that the imposition of punitive damages is warranted.

WHEREFORE, pursuant to 42 U.S.C. Section 1983 and Section 1988 Plaintiff demands compensatory and punitive damages against all named Defendants in an amount in excess of $100,000.00.

## COUNT II
### INFLICTION OF EMOTIONAL DISTRESS
### 42 U.S.C. SECTION 1983 AND 1988

20. Paragraphs 1 through 19 are incorporated herein by reference as if each were fully herein set forth at length.

21. Plaintiff believes and therefore avers that Defendants did inflict serious emotional distress upon the Plaintiff in a careless and reckless manner.

22. As a direct result of the actions of the Defendants, due to the actions of, Plaintiff has been caused severe emotional damage and experienced great emotional trauma.

23. The negligence and recklessness of Defendant City of Philadelphia consisted inter alia of the following:

   a. Failing to have any policy to protect minors in its charge from being sent to facilities of known danger;

   b. Failing to instruct and supervise their employees in dealing with members of the public;

   c. Carelessly, recklessly and negligently employing, training, supervising and implementing personnel policies and procedures as discovery will disclose and Plaintiff hereby reserves the right to include other causes of action and

negligence after discovery has been completed.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount in excess of $100,000.00 plus costs, interest, attorney fees and delay damages.

## COUNT III
## BATTERY

24. Paragraphs 1 through 23 are incorporated herein by reference as if each were fully herein set forth at length.

25. Defendant Universal, through its employees, did batter and cause physical and emotional harm to Plaintiff while she was a resident at the CHAD facility.

26. As a direct result of the actions of the Defendants, due to the actions of, Plaintiff has been caused severe physical and emotional damage and experienced great emotional trauma.

27. The negligence and recklessness of Defendant Universal consisted inter alia of the following:

   a. Failing to have any policy to protect minors in its charge from being battered;

   b. Failing to instruct and supervise its employees not to cause physical harm to minors in their care; and

   c. Carelessly, recklessly and negligently employing, training, supervising and implementing personnel policies and procedures as discovery will disclose and Plaintiff hereby reserves the right to include other causes of action and negligence after discovery has been completed.

28. As a direct result of the actions of the Defendants, due to the actions of, Plaintiff has been caused severe emotional damage and experienced great emotional trauma.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount in excess

of $100,000.00 plus costs, interest, attorney fees and delay damages.


                                                            BY:_____
                                                                HARRY J. KANE, JR., ESQUIRE
                                                                ATTY. I.D. NO. 52610
                                                                Saffren & Weinberg
                                                                815 Greenwood Avenue, Suite 22
                                                               Jenkintown, PA 19046
                                                               (215) 576-0100
                                                               Attorney for Plaintiff